UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-50-R

NORDENE L. LORSON                                                                                      PLAINTIFF

v.

WAL-MART STORES, INC.
and DAVID RHODES                                                                                   DEFENDANTS

### MEMORANDUM OPINION

Defendant has filed a motion to dismiss (Dkt. # 3). Plaintiff responded (Dkt. # 9), Defendant replied (Dkt. # 12), and this matter is now ripe for decision. For the reasons given below, Defendants' motion is **GRANTED**.

### BACKGROUND

Plaintiff Lorson was employed as a sales associate at Wal-Mart's Murray, Kentucky store. In February of 2004, while working in the deli section of that store, Plaintiff was filling a large order for fried chicken that a customer was planning to pick up at 1:30 p.m. When the customer arrived, there was not enough chicken ready to fill the order; or, more precisely, the chicken that was ready was more than four hours old and, under Wal-Mart's policy, was not to be sold. One of Plaintiff's fellow employees suggested that she change the time marked on the already-prepared chicken so that it could be used to fill the order. Plaintiff claims that she refused to do so, and that the customer simply waited for a fresh batch of chicken. A third employee, also working in the deli at the time, allegedly reported the incident, but told Wal-Mart management

that Plaintiff had in fact changed the time on the chicken.  Shortly thereafter, Plaintiff was terminated over the incident.  Plaintiff then filed suit in Calloway County Circuit Court, alleging wrongful termination, breach of contract and breach of implied covenant of good faith and fair dealing.  Plaintiff sought monetary damages, including compensatory and punitive damages, interest, attorney's fees and costs.  Defendants removed the case to this court pursuant to 28 U.S.C. § 1332, alleging that Plaintiff's joinder of the store's Co-Manager David Rhodes (who would defeat diversity) was fraudulent because none of Plaintiff's causes of action, if proved, give rise to individual liability on the part of supervisors.  Plaintiff does not challenge this assertion, and did not file a motion to remand in this case.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Andrews v. Ohio*, 104 F.3d 803,

806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## ANALYSIS

*Fraudulent Joinder*

Before addressing directly the motion to dismiss, we "must be certain that federal subject matter jurisdiction is proper before entertaining a motion by the defendant under Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted." *Godsey v. Miller*, 9 Fed. Appx. 380, slip op. at 384, 2001 WL 523433 at 5 (6th Cir. 2001) (citing 14C Wright, Federal Practice and Procedure §3739, at 423 (3d. ed. 1998)). On the face of Plaintiff's complaint, complete diversity was lacking, and no substantial federal question appeared. For Defendants' removal to have been proper, then, they were required to allege fraudulent joinder. *Id.* at 383. "Under the doctrine of fraudulent joinder, the inquiry is whether [plaintiff] had at least a colorable cause of action against [defendant] in the ...state courts." *Id.* (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999) (internal quotation marks omitted)).

Plaintiff's contract-based claims (breach of contract and breach of implied covenant) would not give rise to liability for Defendant Rhodes, since any contract would be between Plaintiff and Wal-Mart only. In *Audiovox Corp. v. Moody*, the Court of Appeals of Kentucky upheld a jury verdict in favor of a plaintiff who claimed she had been discharged in violation of an oral contract with the company that she would not be terminated if she divulged information on alleged wrongdoing by her supervisor, Hass; the only claim against Hass was the tort of outrage, on which the jury returned a verdict for Hass. 737 S.W.2d 468 (Ky. Ct. App. 1987).

3

As to Plaintiff's wrongful termination claim, the Court believes that, under Kentucky law, a wrongful termination claim may only lie against Plaintiff's employer, not against Plaintiff's supervisor.  Although supervisors appear to be liable for other torts in employment contexts (outrage, intentional infliction of emotional distress, defamation), the Court can find no Kentucky case in which a plaintiff successfully asserted a claim for wrongful discharge against an individual supervisor.  Further, as discussed below, Plaintiff has not presented facts sufficient to support such a claim against any defendant.  No colorable cause of action exists, then, against Defendant Rhodes in state court, and the joinder was fraudulent.  Therefore, subject matter jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332.

*Wrongful Termination*

In Kentucky, the tort of wrongful discharge is limited in scope; "absent explicit legislative statements prohibiting the discharge," it applies only where either (1) "...the alleged reason for the discharge ... was the failure or refusal to violate a law in the course of employment," or (2) "...the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment."  *Grzyb v. Evans*, 700 S.W.2d 399, 402 (Ky. 1985) (quoting *Suchodolski v. Michigan Consolidated Gas Co.*, 412 Mich. 692, 316 N.W.2d 710 (Mich. 1982) (internal quotation marks omitted)).  Plaintiff in this case does not present a claim of either type; in fact, Plaintiff alleges that Wal-Mart discharged her because it *mistakenly* believed she sold the chicken when it was past its four-hour limitation.[1]  The exception applies where an employee is

---

[1] Plaintiff alleges that the four-hour rule is a "state health regulation" which would be a public policy for purposes of the wrongful discharge claim; there is no particular statutory or constitutional provision cited in support of this claim, but we need not reach this issue.

4

terminated because he *refused* to violate the law as directed by his employer. Here, Wal-Mart terminated Plaintiff because it believed she had violated the law. Further, Plaintiff has not alleged that she was acting in exercise of any right conferred by legislative enactment. Therefore, Plaintiff's wrongful termination claim must be dismissed.

*Breach of Contract*

Plaintiff alleges that she had "an oral contract of employment which was modified and re-enforced (sic) by certain policies, practices, assurances and other express and implied statements..." (Complaint, Attachment # 1 to Dkt. # 1, at ¶ 13.) Plaintiff asserts that this contract was of the import that she "would not be impeded in her job duties and that she would be terminated only for cause." *Id.* Plaintiff asserts that Wal-Mart breached this contract "by terminating Plaintiff's employment without cause." *Id.* at ¶ 14. Kentucky courts have held that employers and employees can orally amend the at-will relationship presumed under the law, but that they may do so only "by clearly stating their intention to do so." *Shah v. American Synthetic Rubber Corp.*, 655 S.W.2d 489, 492 (Ky. 1983). Plaintiff fails to allege any such statement, either orally made or within the policies and procedures mentioned. Without this, no amendment to the general at-will employment relationship may be found. Therefore, Plaintiff's breach of contract claim must be dismissed.

*Breach of implied covenant*

Plaintiff also alleges that Wal-Mart "breached the covenant of good faith and fair dealing [implicit in her alleged contract] by wrongfully terminating [her] employment without cause." (Complaint, at ¶ 20.) Kentucky courts have held that no such covenant is implied in the at-will

employment relationship.  *Wyant v. SCM Corp.*, 692 S.W.2d 814, 816 (Ky. Ct. App. 1985); accord *McCart v. Brown-Forman Corp.*, 713 F.Supp. 981, 983 (W.D.Ky. 1988).

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**. An appropriate order shall issue.  This shall not affect Plaintiff's amended complaint for defamation, which is addressed in a separate order.